IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL ANTHONY HADLEY,

Plaintiff,

v.

MELISSA WITTWER,

Defendant.

ORDER

25-cv-1046-jdp

Plaintiff Michael Anthony Hadley, proceeding without counsel, brings this lawsuit against Melissa Wittwer for interfering in state family court proceedings. This order concerns Wittwer's motion to dismiss the case for Hadley's failure to properly serve her. Dkt. 11.

Wittwer's main argument is that the account of service given in the proof-of-service form submitted by Hadley is incorrect. Hadley submitted a form signed by April Sutherland stating that Sutherland left the summons at Wittwer's residence with her husband, Donald Wittwer, on March 15, 2026. Dkt. 6. Wittwer responds with a declaration from Donald Wittwer stating that a man—presumably someone not named "April"—gave him a document at his doorstep on March 13, 2026, not March 15. An attached doorbell camera video supports Donald Wittwer's version of the events. Dkt. 14-1 (placeholder entry for that video). And he attaches a copy of the document given to him by the process server, which is only a partial copy of the complaint and which does not include a summons. Dkt. 14-2.

The court planned to set briefing on this motion at a preliminary pretrial conference, but Hadley did not appear, so the conference was canceled. Dkt. 20. Hadley responded to the court's show-cause order regarding his absence with an excuse that the court accepted despite being "somewhat skeptical." Dkt. 24. The court also sealed a portion of Hadley's response for

containing illicit social-media material that wasn't relevant to any issue in the case, and gave Hadley a chance to respond to Wittwer's motion to dismiss or explain whether any of the documents he had already filed were intended to be his response. *Id.* Hadley did not file such a response, instead submitting a document in which he pre-argues non-service-related legal theories that Wittwer might later have for seeking dismissal of his claims, along with certificates of completion for courses that Hadley has taken that are seemingly irrelevant to this lawsuit. Dkt. 27. Wittwer again asks the court to either dismiss the case for Hadley's failure to properly serve her or for his failure to follow court orders. Dkt. 26.

From Hadley's failure to respond to the substance of Wittwer's service argument, I take that he concedes that Wittwer's evidence is the definitive account of his service attempt. So I conclude that Hadley has failed to properly serve Wittwer with the complaint and summons. But I won't immediately dismiss the case. Rather, I'll deny Wittwer's motion without prejudice and give Hadley a final chance to properly serve Wittwer and submit proof of service to the court. *See Jones v. Ramos*, 12 F.4th 745, 749 (7th Cir. 2021).

One final point. Hadley's conduct in this lawsuit thus far has been unacceptable. He has failed to properly respond to this court's orders and he doesn't provide any explanation for why his process server's account of service is contradicted by video evidence. He has submitted materials clearly unrelated to issues material to this case, and many of his filings contain long-discredited 'sovereign citizen' theories of the law's inapplicability to him that I will not consider. His only task at this point is to properly serve Wittwer. I will consider sanctioning Hadley for any future misconduct in this case, including potentially dismissing the case.

ORDER

IT IS ORDERED that:

1. Defendant's motion to dismiss, Dkt. 11, is DENIED without prejudice.

2. Plaintiff may have until October 8, 2026, to properly serve defendant and submit proof of service to the court.

Entered September 17, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge